1  Felipe R. Parker (SBN 246212)
2  The Law Office of Felipe Parker
3  405 49th Street
   Oakland, CA 94609
4  Main: 415.484.1448
5  Fax:  415.294.2888
   info@fparkerlaw.com
6
7  Attorney for Plaintiff
   Gregory Talbot
8

9              UNITED STATES DISTRICT COURT
10             NORTHERN DISTRICT OF CALIFORNIA
11

13 GREGORY TALBOT, an individual,    CASE NO. C08-00106 MMC
14         Plaintiff,                **COMPLAINT FOR DAMAGES**
15   vs.                             (Unfair Debt Collection Practices)
16 CORPORATE COLLECTION
17 SERVICES, INC., an Ohio corporation,  **DEMAND FOR JURY TRIAL**
   and
18 CALL CENTER RESOURCES, INC., an
19 Ohio corporation,
20         Defendants.

*E-filing*

*ORIGINAL FILED JAN -7 2008 RICHARD W. WIEKING CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA OAKLAND*

**BY FAX**

ADR

# I. INTRODUCTION

Plaintiff Gregory Talbot brings this action against defendants Corporate Collection Services, Inc. and Call Center Resources, Inc. for (1) violations of the Federal Fair Debt Collection Practices Act ("FDCPA"); (2) violations of the California Fair Debt Collection Practices Act ("Rosenthal Act"); and (3) fraud.

# II. JURISDICTION AND VENUE

1. Jurisdiction of this Court over the FDCPA claims arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). Jurisdiction of this Court over the state law claims arises under 28 U.S.C. § 1367.

2. Venue in this District is proper because a substantial part of the events which gave rise to the claims occurred in Alameda County in the State of California. Specifically, all claims arise out of phone calls defendants placed to Talbot at his residence in Alameda County in the State of California.

# III. PARTIES

3. Plaintiff Gregory Talbot ("Talbot" or "Plaintiff") is a natural person and is, and at all times relevant was, a citizen of California, residing in Alameda County in the State of California.

4. Defendant Corporate Collection Services, Inc. ("CCS") is a corporation registered in the State of Ohio under the number 595169. CCS regularly uses the mails and telephone to collect or attempt to collect debts owed or alleged to be owed another. CCS is engaged in the business of collecting debts in, among other states, California. CCS's principal place of business is located at 23200 Chagrin Blvd. #400, Beachwood, Ohio 44122.

5. Defendant Call Center Resources, Inc. ("CCR") is a corporation registered in the State of Ohio under the number 1011404. CCR regularly uses the mails and telephone to collect or attempt to collect debts owed or alleged to be owed another. CCR is engaged in the business of collecting debts in, among other states, California. CCR's principal place of business is located at 23200 Chagrin Blvd. #400, Beachwood, Ohio 44122.

6. Talbot alleges, on information and belief, that CCR and CCS are alter egos of one another. CCR and CCS share the same phone numbers, fax numbers, headquarters, and management team. Further, one of CCR's collectors told Talbot's attorney that CCR and CCS are "the same thing." CCR and CCS are hereinafter collectively referred to as "Defendants."

## IV. FACTUAL ALLEGATIONS

7. In approximately late July 2006, Talbot purchased DSL service from Earthlink, Inc. ("Earthlink") for his home for personal purposes. Talbot contracted for DSL speeds of up to 8 Mbps. Earthlink never delivered the promised speeds and later admitted to Talbot it was not physically possible to deliver the promised speeds to Talbot's home. In approximately late November or early December 2006, Talbot cancelled his Earthlink contract. Earthlink informed Talbot he would have to pay a $250.00 cancellation fee. Talbot disputed the fee on the basis that Earthlink had not performed under the contract.

8. Defendants began collection efforts on the cancellation fee in approximately June 2007.

## V. PLAINTIFF'S CAUSES OF ACTION
## FIRST CAUSE OF ACTION (Against All Defendants)
## VIOLATIONS OF THE FDCPA

9. Talbot incorporates by reference all of the preceding paragraphs.

10. CCR is a "debt collector" as defined by the FDCPA at 15 U.S.C. § 1692a(6).

11. CCS is a "debt collector" as defined by the FDCPA at 15 U.S.C. § 1692a(6).

12. From approximately June 2007 through October 2007, Defendants left at least four messages on Talbot's home answering machine. The messages usually identified the caller ("Sean Lee" when identified) but never identified for whom the caller worked. Talbot confirmed the calls were from Defendants by calling back the numbers left by "Sean Lee."

13. In approximately early September 2007 but before September 24, 2007, Defendants reached Talbot on the phone at his home and attempted to collect the Earthlink

cancellation fee. Talbot told Defendants he was not going to pay the cancellation fee. Talbot told Defendants to stop calling him concerning the cancellation fee.

14. On or about September 24, 2007, one of Defendants' employees named "Tonya" reached Talbot on the phone at his home. Tonya convinced Talbot to pay $150 on the account by promising Talbot his $150 payment would settle the account. Talbot agreed.

15. Defendants subsequently charged Talbot's credit card $160, which included a $10 "collection fee." Tonya never informed Talbot about the fee. The agreement Talbot entered with Earthlink providing for the cancellation fee did not provide for a collection fee.

16. For approximately one month following Talbot's payment, Defendants' employees called Talbot numerous times to collect $99.90, which Defendants claimed Talbot still owed on the cancellation fee.

17. At no time did Defendants ever mail Talbot anything in writing. At no time did Defendants ever inform Talbot of his right to demand validation of the debt. At no time did Defendants ever inform Talbot that any information obtained from Talbot would be used for debt collection purposes.

18. By Defendants' actions as described herein, Defendants have violated the following provisions of the Federal Fair Debt Collection Practices Act: 15 U.S.C. §§ 1692c(c), 1692e, 1692f, and 1692g(a).

19. Defendants' actions as described herein have caused Talbot grief, anxiety, stress, and anguish. Defendants' actions have caused Talbot to suffer irritability. Talbot's office is in his home, and Defendants' actions have caused Talbot to lose his concentration and suffer declines in work productivity. Defendants' actions wrongly coerced Talbot into parting with his money. Wherefore, Talbot requests relief as hereinafter provided.

## SECOND CAUSE OF ACTION (Against All Defendants)
## VIOLATIONS OF THE ROSENTHAL ACT

20. Talbot incorporates by reference all of the preceding paragraphs.

21. CCR is a "debt collector" as defined by the Rosenthal Act at California Civil Code § 1788.2.

22. CCS is a "debt collector" as defined by the Rosenthal Act at California Civil Code § 1788.2.

23. By Defendants' actions as described above, Defendants have violated the following provisions of the Rosenthal Act: Ca. Civ. Code §§ 1788.11(b), 1788.13(e), and 1788.14(b).

24. In violating the Rosenthal Act, Defendants acted willfully and knowingly. Defendants' actions as described above have caused Talbot grief, anxiety, stress, and anguish. Defendants' actions have caused Talbot to suffer irritability. Talbot's office is in his home, and Defendants' actions have caused Talbot to lose his concentration and suffer declines in productivity. Defendants' actions wrongly coerced Talbot into parting with his money. Wherefore, Talbot requests relief as hereinafter provided.

## THIRD CAUSE OF ACTION (Against All Defendants)
### FRAUD

25. Talbot incorporates by reference all of the preceding paragraphs.

26. On or about September 24, 2007, one of Defendants employees named "Tonya" reached Talbot on the phone at his home. Tonya told Talbot that if Talbot paid $150 on the account, the debt would be settled in its entirety.

27. Tonya's representation was false. Talbot paid $150 on the account, and Defendants continued to collect on the debt.

28. Tonya knew her representation was false. At the time Tonya made the representation to Talbot, the lowest amount she was authorized to settle the debt for was $199. Tonya was aware of this limitation at the time she represented to Talbot that the debt would be settled in its entirety if Talbot paid $150.

29. Tonya intended to have Talbot rely on the representation. Talbot told Tonya he would not pay anything higher than $150. Talbot also told Tonya he would not pay anything if the debt did not settle entirely. Thus, Tonya knew Talbot would pay $150 if

she (falsely) promised the debt would be settled, and by her (false) promise she intended to induce Talbot into paying $150.

30. Talbot reasonably relied on Tonya's representation. The Caller-ID feature on Talbot's phone showed Tonya was calling on behalf of Defendants. Tonya indicated she had flexibility in negotiating the settlement amount. And an Earthlink representative had previously told Talbot that Earthlink's collector could negotiate the settlement amount.

31. Talbot was harmed in paying the $150. He lost the money but did not achieve the goal of his bargain, which was to make the debt go away. This caused Talbot grief, anxiety, stress, and anguish. Talbot also suffered embarrassment and humiliation at having been tricked.

32. Talbot's reliance on Tonya's misrepresentation was a substantial factor in causing Talbot's harm.

33. Defendants ratified Tonya's conduct. Talbot called back several times to complain about the deal Tonya had not honored. Every time Talbot called and explained his story, Defendants' employees would respond by asking Talbot if he intended to pay the balance due. In approximately late October 2007, Talbot succeeded in getting through to a manager. The manager explained there was nothing that could be done to either (1) honor Tonya's promise; or (2) refund Talbot's money. Then the manager asked Talbot if he intended to pay the balance due. Talbot refused and got off the phone.

34. On or about October 31, 2007, Talbot's attorney, Felipe Parker, called Defendants to see if anything could be done. Parker was put through to a manager/supervisor named "Frankie Burks." Burks explained that the account could not be settled for $150. Parker asked Burks to check with someone higher up who had discretion to alter Defendants' policy in light of Tonya's representations to Talbot. Burks put Parker on hold to check with a higher up. Upon returning to the call, Burks told Parker that (1) Talbot's payment could not be rescinded; and (2) the debt could not be settled without additional payment. Burks further explained Tonya was not authorized to offer the deal Tonya had offered,

Burks's superiors with discretion to alter Defendants' policy had refused to do so, and so Talbot was out of luck.

35.  Defendants actions as described above were carried out with malice and fraud as defined in California Civil Code § 3294. Wherefore, Talbot requests relief as hereinafter provided.

## PRAYER FOR RELIEF

Talbot prays for judgment as follows:

1. Compensatory damages according to proof or as follows in the event of default:
   a. $1,975.00 pursuant to 15 U.S.C. § 1692k(a)(1) or Ca. Civ. Code § 1788.30(a) or Ca. Civ. Code §§ 1709, 1710 (all alternative bases for same recovery of $1975.00);
   b. $775.00 pursuant to Ca. Civ. Code §§ 1709, 1710 (in *addition* to the $1975.00 pursuant to the same sections, in order to account for damages particular to the fraud cause of action);
   c. $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2); and
   d. $1,000.00 pursuant to Ca. Civ. Code §§ 1788.30(b) and 1788.32;
2. Punitive and exemplary damages according to proof or as follows in the event of default:
   a. $19,750.00 pursuant to Ca. Civ. Code § 3294;
3. Attorney fees according to proof;
4. Costs of suit according to proof; and
5. Any other relief the Court deems proper.

DATED: January 5, 2008

The Law Office of Felipe Parker

*/s/ Felipe R. Parker*

Felipe R. Parker
Attorney for Plaintiff
Gregory Talbot

## JURY DEMAND

Talbot hereby demands trial by jury.

DATED: January 5, 2008                The Law Office of Felipe Parker

*[signature]*

Felipe R. Parker
Attorney for Plaintiff
Gregory Talbot