Mark E. Ellis - 127159
Andrew M. Steinheimer - 200524
ELLIS, COLEMAN, POIRIER, LAVOIE,
  & STEINHEIMER LLP
555 University Avenue, Suite 200 East
Sacramento, CA  95825
Tel: (916) 283-8820
Fax: (916) 283-8821

Attorneys for Defendant CORPORATE COLLECTION SERVICE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY TALBOT,<br><br>    Plaintiff,<br><br>v.<br><br>CORPORATE COLLECTION SERVICES, INC., an Ohio corporation and CALL CENTER RESOURCES, INC., an Ohio corporation,<br><br>    Defendants. | Case No.:  C08-00106 MMC<br><br>**DEFENDANT CORPORATE COLLECTION SERVICES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant CORPORATE COLLECTION SERVICES, INC. (hereinafter "Defendant") hereby responds to plaintiff's Complaint as follows:

   1.   As to Paragraph 1,  Defendant does not contest this Court's jurisdiction at this time.

   2.   As to Paragraph 2, Defendant does not contest venue at this time.

   3.   As to Paragraph 3, Defendant admits this allegation.

   4.   As to Paragraph 4, Defendant admits this allegation.

   5.   As to Paragraph 5, Defendant admits this allegation.

   6.   As to Paragraph 6, Defendant denies these allegations.

   7.   As to Paragraph 7, Defendant lacks information or belief necessary to admit or deny these allegations and on that basis denies these allegations.

   8.   As to Paragraph 8, Defendant denies these allegations.

9. As to Paragraph 9, Defendant repeats and incorporates by reference its responses to the paragraphs above as though fully stated herein

10. As to Paragraph 10, Defendant admits these allegations.

11. As to Paragraph 11, Defendant admits these allegations.

12. As to Paragraph 12, Defendant denies these allegations.

13. As to Paragraph 13, Defendant denies these allegations.

14. As to Paragraph 14, Defendant denies these allegations.

15. As to Paragraph 15, Defendant admits that CCS collected $160.00 from plaintiff which included a fee. Defendant denies the remaining allegations.

16. As to Paragraph 16, Defendant objects on the grounds that the term numerous is vague and ambiguous and therefore denies this allegation.

17. As to Paragraph 17, Defendant denies these allegations.

18. As to Paragraph 18, Defendant denies these allegations.

19. As to Paragraph 19, Defendant denies these allegations.

20. As to Paragraph 20 Defendant repeats and incorporates by reference its responses to the paragraphs above as though fully stated herein.

21. As to Paragraph 21, Defendant admits this allegation.

22. As to Paragraph 22, Defendant admits this allegation.

23. As to Paragraph 23, Defendant denies these allegations.

24. As to Paragraph 24, Defendant denies these allegations.

25. As to Paragraph 25, Defendant repeats and incorporates by reference its responses to the paragraphs above as though fully stated herein.

26. As to Paragraph 26, Defendant denies these allegations.

27. As to Paragraph 27, Defendant denies these allegations.

28. As to Paragraph 28, Defendant denies these allegations.

29. As to Paragraph 29, Defendant denies these allegations.

30. As to Paragraph 30, Defendant denies these allegations.

31. As to Paragraph 31, Defendant denies these allegations.

DEFENDANT CORPORATE COLLECTION SERVICES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

1  32.    As to Paragraph 32, Defendant denies these allegations.

2  33.    As to Paragraph 33, Defendant denies these allegations.

3  34.    As to Paragraph 34, Defendant denies these allegations.

4  35.    As to Paragraph 35, Defendant denies these allegations.

5  36.    As to plaintiff's prayer for relief, defendant denies that plaintiff is entitled to the relief request or any other relief by way of this action.

Pursuant to **Federal Rule of Civil Procedure 8(c)**, Defendant sets forth the following matters constituting an avoidance or affirmative defense:

### FIRST AFFIRMATIVE DEFENSE

37.    Plaintiff's Complaint (and the causes of action alleged therein) fails to state facts sufficient to constitute a cause of action as to the answering Defendant.

### SECOND AFFIRMATIVE DEFENSE

38.    Defendant is informed and believes and thereon alleges that the Complaint, and each cause of action therein, is barred in whole or part, by the applicable jurisdictional statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

39.    Defendant is informed and believes and thereon alleges that Plaintiff was negligent, careless, and/or committed intentional acts, in and about the matters alleged in the Complaint, and to the extent said negligence, carelessness and/or intentional acts caused and/or contributed to his injuries and/or damages, his claims should be reduced or eliminated.

### FOURTH AFFIRMATIVE DEFENSE

40.    Defendant is informed and believes and thereon alleges that Plaintiff failed and neglected to use reasonable care to protect himself and to minimize and/or mitigate the losses and/or damages asserted in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

41.    Defendant alleges that all their actions were taken in good faith and with a reasonable belief that such actions were lawful.

### SIXTH AFFIRMATIVE DEFENSE

42.    Defendant alleges that Plaintiff's Complaint, and the causes of action alleged therein, is

barred because the amount Defendant sought to collect for the account involved in this lawsuit was expressly authorized by the agreement creating the debt.

### SEVENTH AFFIRMATIVE DEFENSE

43. Defendant is informed and believes and thereon alleges that it has no civil liability under the FDCPA, **15 U.S.C. § 1692, *et seq.*,** pursuant to **15 U.S.C. § 1692k(c)** and **Cal. Civil Code §1788.30(e)**, as any violation was unintentional and resulted from the maintenance of procedures reasonably adopted to avoid any such violation.

### EIGHTH AFFIRMATIVE DEFENSE

44. Defendant alleges that any representations or statements made by Defendant was true, accurate at the time made, and/or otherwise was made in good faith and with a reasonable belief as to its validity and accuracy.

### EIGHTH AFFIRMATIVE DEFENSE

45. Defendant alleges that it acted lawfully and intended to take any and all action contemplated, whether expressly allowed by contract or permitted by law, as represented to Plaintiff.

### NINTH AFFIRMATIVE DEFENSE

46. Defendant is informed and believes and thereon alleges that Plaintiff is barred from recovery because the Complaint (and the causes of action alleged therein) is barred by the Doctrine of Unclean Hands.

### TENTH AFFIRMATIVE DEFENSE

47. Defendant is informed and believes and thereon alleges that Plaintiff's Complaint (and the causes of action alleged therein) is barred by the Doctrines of Waiver, and/or estoppel.

### ELEVENTH AFFIRMATIVE DEFENSE

48. Defendant is informed and believes and thereon alleges that Plaintiff's Complaint (and the causes of action alleged therein) is barred because each of Plaintiff's claims is subject to the interested person privilege set forth in **California Civil Code § 47(c)**, or arising under federal and state common law.

### TWELFTH AFFIRMATIVE DEFENSE

49. Defendant alleges that with respect to Plaintiff's alleged claim for punitive damages, the

1  decisions of law allowing recovery of punitive damages, if applied in this case, would contravene the
2  Defendant's constitutional rights to substantive and procedural due process of law as preserved for this
3  Defendant by the Fourteenth Amendment of the United States Constitution, and further would
4  constitute a denial by this Court of this Defendant's constitutional right to equal protection under the
5  law as provided by the Fourteenth Amendment; and further would constitute cruel and unusual
6  punishment, as well as an excessive fine as proscribed by the Eighth Amendment; and further would
7  constitute a taking of private property for public use without just compensation, and such taking would
8  contravene this Defendant's constitutional rights preserved by the Fourteenth Amendment.

### THIRTEENTH AFFIRMATIVE DEFENSE

50. Defendant is informed and believes and thereon alleges that all alleged intentional acts or misrepresentations alleged in Plaintiff's Complaint, and the causes of action alleged therein, were consented to by the Plaintiff.

### FOURTEENTH AFFIRMATIVE DEFENSE

51. Defendant is informed and believes and thereon alleges that Plaintiff's Complaint (and the causes of action alleged therein) is barred because Defendant's actions were taken in reasonable reliance upon information provided by its client pursuant to **Ducrest v. Alco Collections, Inc.** (M.D. La. 1999) 931 F.Supp. 459, 462, and **Hulse v. Ocwin** (D. Or. 2002) 195 F.Supp.2d 1188, 1210.

### FIFTEENTH AFFIRMATIVE DEFENSE

52. Defendant is informed and believes and thereon alleges that Plaintiff's Complaint, and the causes of action for violation of the FDCPA alleged therein, is barred by the Noerr-Pennington doctrine.

### SIXTEENTH AFFIRMATIVE DEFENSE

53. Defendant hereby alleges the following affirmative defenses, including, but not limited to, those set forth in **Federal Rule of Civil Procedure 8(c)**, so as not to waive them at this time: assumption of risk, duress, failure of consideration, fraud, illegality, license, *res judicata*, failure to join an indispensable party, release, laches, and abatement.

**WHEREFORE**, Defendant prays for:

1. That Plaintiff take nothing by way of this action;

DEFENDANT CORPORATE COLLECTION SERVICES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

2. That Plaintiff's Complaint be dismissed;

3. That Defendant be awarded reasonable attorneys' fees and costs incurred in defending this action; and

4. For such other and further relief as this Court deems just and proper.

Dated: February 4, 2008

                ELLIS, COLEMAN, POIRIER, LAVOIE, &
                   STEINHEIMER LLP


          By  /s  Andrew M. Steinheimer
              Andrew M. Steinheimer
              Attorney for Defendant
              CORPORATE COLLECTION SERVICE

**DEMAND FOR JURY TRIAL**

Defendant CORPORATE COLLECTION SERVICE, INC..hereby demands a jury trial in this matter

Dated: February 4, 2008

                          ELLIS, COLEMAN, POIRIER, LAVOIE, &
                              STEINHEIMER LLP

                        By  /s Andrew M. Steinheimer
                           Andrew M. Steinheimer
                           Attorney for Defendant
                           CORPORATE COLLECTION SERVICE, INC.

DEFENDANT CORPORATE COLLECTION SERVICES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

# CERTIFICATE OF SERVICE

I, Jennifer E. Mueller, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is 555 University Avenue, Suite 200 East, Sacramento, CA 95825.

On February 4, 2008, I served the following document(s) on the parties in the within action:

**DEFENDANT CORPORATE COLLECTION SERVICES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

| | |
|---|---|
| X | **VIA ELECTRONIC SERVICE**: The above-described document(s) will be delivered electronically through the Court's ECF/PACER electronic filing system, as stipulated by all parties to constitute personal service, to the following: |
| | **BY MAIL**: I am familiar with the business practice for collection and processing of mail. The above-described document(s) will be enclosed in a sealed envelope, with first class postage thereon fully prepaid, and deposited with the United States Postal Service at Sacramento, CA on this date, addressed as follows: |
| | **BY HAND**: The above-described document(s) will be placed in a sealed envelope which will be hand-delivered on this same date by _____, addressed as follows: |
| | **VIA FACSIMILE**: The above-described document(s) was transmitted via facsimile from the fax number shown on the attached facsimile report, at the time shown on the attached facsimile report, and the attached facsimile report reported no error in transmission and was properly issued from the transmitting facsimile machine, and a copy of same was mailed, on this same date to the following: |
| | **VIA OVERNIGHT SERVICE**: The above-described document(s) will be delivered by overnight service, to the following: |

| | |
|---|---|
| Felipe R. Parker<br>The Law Office of Felipe Parker<br>405 49th Street<br>Oakland, CA 94609 | Attorneys for<br>Plaintiff Gregory Talbot |

I declare under penalty of perjury under the laws of the State of California that the foregoing is a true and correct statement and that this Certificate was executed on February 4, 2008.

By /s/ Jennifer E. Mueller
Jennifer E. Mueller