Mark E. Ellis - 127159
Andrew M. Steinheimer - 200524
ELLIS, COLEMAN, POIRIER, LAVOIE,
    & STEINHEIMER LLP
555 University Avenue, Suite 200 East
Sacramento, CA 95825
Tel: (916) 283-8820
Fax: (916) 283-8821

Attorneys for Defendant CALL CENTER RESOURCES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY TALBOT,<br><br>　　　Plaintiff,<br><br>v.<br><br>CORPORATE COLLECTION SERVICES, INC., an Ohio corporation and CALL CENTER RESOURCES, INC., an Ohio corporation,<br><br>　　　Defendants. | Case No.: C08-00106 MMC<br><br>**DEFENDANT CALL CENTER RESOURCES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT; AND DEMAND FOR JURY TRIAL** |

Defendant CALL CENTER RESOURCES, INC. (hereinafter "Defendant") hereby responds to plaintiff's Complaint as follows:

1. As to Paragraph 1, Defendant does not contest this Court's jurisdiction at this time.

2. As to Paragraph 2, Defendant does not contest venue at this time.

3. As to Paragraph 3, Defendant admits this allegation.

4. As to Paragraph 4, Defendant denies this allegation.

5. As to Paragraph 5, Defendant denies this allegation.

6. As to Paragraph 6, Defendant denies these allegations.

7. As to Paragraph 7, Defendant lacks information or belief necessary to admit or deny these allegations and on that basis denies these allegations.

8. As to Paragraph 8, Defendant denies these allegations.

-1-

1      9.    As to Paragraph 9, Defendant repeats and incorporates by reference its responses to the paragraphs above as though fully stated herein

3      10.    As to Paragraph 10, Defendant admits these allegations.

4      11.    As to Paragraph 11, Defendant admits these allegations.

5      12.    As to Paragraph 12, Defendant denies these allegations.

6      13.    As to Paragraph 13, Defendant denies these allegations.

7      14.    As to Paragraph 14, Defendant denies these allegations.

8      15.    As to Paragraph 15, Defendant denies these allegations.

9      16.    As to Paragraph 16, Defendant denies these allegations.

10     17.    As to Paragraph 17, Defendant admits these allegations with respect to CCR. Defendant lacks knowledge or belief to admit or deny these allegations with respect to CCS and on that basis denies these allegations.

    18.    As to Paragraph 18, Defendant denies these allegations.

    19.    As to Paragraph 19, Defendant denies these allegations.

    20.    As to Paragraph 20 Defendant repeats and incorporates by reference its responses to the paragraphs above as though fully stated herein.

    21.    As to Paragraph 21, Defendant admits this allegation.

    22.    As to Paragraph 22, Defendant admits this allegation.

    23.    As to Paragraph 23, Defendant denies these allegations.

    24.    As to Paragraph 24, Defendant denies these allegations.

    25.    As to Paragraph 25, Defendant repeats and incorporates by reference its responses to the paragraphs above as though fully stated herein.

    26.    As to Paragraph 26, Defendant denies these allegations.

    27.    As to Paragraph 27, Defendant denies these allegations.

    28.    As to Paragraph 28, Defendant denies these allegations.

    29.    As to Paragraph 29, Defendant denies these allegations.

    30.    As to Paragraph 30, Defendant denies these allegations.

    31.    As to Paragraph 31, Defendant denies these allegations.

DEFENDANT CALL CENTER RESOURCES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

32. As to Paragraph 32, Defendant denies these allegations.

33. As to Paragraph 33, Defendant denies these allegations.

34. As to Paragraph 34, Defendant denies these allegations.

35. As to Paragraph 35, Defendant denies these allegations.

36. As to plaintiff's prayer for relief, defendant denies that plaintiff is entitled to the relief request or any other relief by way of this action.

Pursuant to **Federal Rule of Civil Procedure 8(c)**, Defendant sets forth the following matters constituting an avoidance or affirmative defense:

### FIRST AFFIRMATIVE DEFENSE

37. Plaintiff's Complaint (and the causes of action alleged therein) fails to state facts sufficient to constitute a cause of action as to the answering Defendant.

### SECOND AFFIRMATIVE DEFENSE

38. Defendant is informed and believes and thereon alleges that the Complaint, and each cause of action therein, is barred in whole or part, by the applicable jurisdictional statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

39. Defendant is informed and believes and thereon alleges that Plaintiff was negligent, careless, and/or committed intentional acts, in and about the matters alleged in the Complaint, and to the extent said negligence, carelessness and/or intentional acts caused and/or contributed to his injuries and/or damages, his claims should be reduced or eliminated.

### FOURTH AFFIRMATIVE DEFENSE

40. Defendant is informed and believes and thereon alleges that Plaintiff failed and neglected to use reasonable care to protect himself and to minimize and/or mitigate the losses and/or damages asserted in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

41. Defendant alleges that all their actions were taken in good faith and with a reasonable belief that such actions were lawful.

### SIXTH AFFIRMATIVE DEFENSE

42. Defendant alleges that Plaintiff's Complaint, and the causes of action alleged therein, is

barred because the amount Defendant sought to collect for the account involved in this lawsuit was expressly authorized by the agreement creating the debt.

### SEVENTH AFFIRMATIVE DEFENSE

43.    Defendant is informed and believes and thereon alleges that it has no civil liability under the FDCPA, **15 U.S.C. § 1692, *et seq.*,** pursuant to **15 U.S.C. § 1692k(c)** and **Cal. Civil Code §1788.30(e)**, as any violation was unintentional and resulted from the maintenance of procedures reasonably adopted to avoid any such violation.

### EIGHTH AFFIRMATIVE DEFENSE

44.    Defendant alleges that any representations or statements made by Defendant was true, accurate at the time made, and/or otherwise was made in good faith and with a reasonable belief as to its validity and accuracy.

### EIGHTH AFFIRMATIVE DEFENSE

45.    Defendant alleges that it acted lawfully and intended to take any and all action contemplated, whether expressly allowed by contract or permitted by law, as represented to Plaintiff.

### NINTH AFFIRMATIVE DEFENSE

46.    Defendant is informed and believes and thereon alleges that Plaintiff is barred from recovery because the Complaint (and the causes of action alleged therein) is barred by the Doctrine of Unclean Hands.

### TENTH AFFIRMATIVE DEFENSE

47.    Defendant is informed and believes and thereon alleges that Plaintiff's Complaint (and the causes of action alleged therein) is barred by the Doctrines of Waiver, and/or estoppel.

### ELEVENTH AFFIRMATIVE DEFENSE

48.    Defendant is informed and believes and thereon alleges that Plaintiff's Complaint (and the causes of action alleged therein) is barred because each of Plaintiff's claims is subject to the interested person privilege set forth in **California Civil Code § 47(c)**, or arising under federal and state common law.

### TWELFTH AFFIRMATIVE DEFENSE

49.    Defendant alleges that with respect to Plaintiff's alleged claim for punitive damages, the

decisions of law allowing recovery of punitive damages, if applied in this case, would contravene the Defendant's constitutional rights to substantive and procedural due process of law as preserved for this Defendant by the Fourteenth Amendment of the United States Constitution, and further would constitute a denial by this Court of this Defendant's constitutional right to equal protection under the law as provided by the Fourteenth Amendment; and further would constitute cruel and unusual punishment, as well as an excessive fine as proscribed by the Eighth Amendment; and further would constitute a taking of private property for public use without just compensation, and such taking would contravene this Defendant's constitutional rights preserved by the Fourteenth Amendment.

### THIRTEENTH AFFIRMATIVE DEFENSE

50. Defendant is informed and believes and thereon alleges that all alleged intentional acts or misrepresentations alleged in Plaintiff's Complaint, and the causes of action alleged therein, were consented to by the Plaintiff.

### FOURTEENTH AFFIRMATIVE DEFENSE

51. Defendant is informed and believes and thereon alleges that Plaintiff's Complaint (and the causes of action alleged therein) is barred because Defendant's actions were taken in reasonable reliance upon information provided by its client pursuant to **Ducrest v. Alco Collections, Inc.** (M.D. La. 1999) 931 F.Supp. 459, 462, and **Hulse v. Ocwin** (D. Or. 2002) 195 F.Supp.2d 1188, 1210.

### FIFTEENTH AFFIRMATIVE DEFENSE

52. Defendant is informed and believes and thereon alleges that Plaintiff's Complaint, and the causes of action for violation of the FDCPA alleged therein, is barred by the Noerr-Pennington doctrine.

### SIXTEENTH AFFIRMATIVE DEFENSE

53. Defendant hereby alleges the following affirmative defenses, including, but not limited to, those set forth in **Federal Rule of Civil Procedure 8(c)**, so as not to waive them at this time: assumption of risk, duress, failure of consideration, fraud, illegality, license, *res judicata*, failure to join an indispensable party, release, laches, and abatement.

**WHEREFORE**, Defendant prays for:

1. That Plaintiff take nothing by way of this action;

2. That Plaintiff's Complaint be dismissed;

3. That Defendant be awarded reasonable attorneys' fees and costs incurred in defending this action; and

4. For such other and further relief as this Court deems just and proper.

Dated: March 31, 2008

          ELLIS, COLEMAN, POIRIER, LAVOIE, & STEINHEIMER LLP

By  /s/ Andrew M. Steinheimer
    Andrew M. Steinheimer
    Attorney for Defendant
    CALL CENTER RESOURCES, INC

DEFENDANT CALL CENTER RESOURCES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

## DEMAND FOR JURY TRIAL

Defendant CALL CENTER RESOURCES, INC., hereby demands a jury trial in this matter

Dated: March 31, 2008

                        ELLIS, COLEMAN, POIRIER, LAVOIE, &
                          STEINHEIMER LLP

By  /s Andrew M. Steinheimer
     Andrew M. Steinheimer
     Attorney for Defendants
     CALL CENTER RESOURCES, INC.