Mark E. Ellis – 127159
Andrew M. Steinheimer – 200524
ELLIS, COLEMAN, POIRIER, LAVOIE,
  &amp; STEINHEIMER LLP
555 University Avenue, Suite 200 East
Sacramento, CA 95825
Tel: (916) 565-0300
Fax: (916) 565-1636

Attorneys for Defendant CORPORATE COLLECTION SERVICE and CALL CENTER RESOURCES

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY TALBOT,<br><br>    Plaintiff,<br><br>v.<br><br>CORPORATE COLLECTION SERVICES, INC., an Ohio corporation and CALL CENTER RESOURCES, INC., an Ohio corporation,<br><br>    Defendants. | Case No.: C08-00106 MMC<br><br>JOINT CASE MANAGEMENT STATEMENT<br><br>Date: April 11, 2008<br>Time: 10:30 a.m.<br><br>Courtroom 7, 19th Floor<br><br>The Honorable Maxine Chesney |

    Pursuant to Local Rule 16-9 the parties jointly submit the following Joint Case Management Statement.

    **1.**    **Jurisdiction and Service.**    The Court's jurisdiction arises from federal question jurisdiction. All defendants have appeared in this action. There are no issues with jurisdiction venue or service.

    **2.**    **Facts.** Plaintiff alleges: On several occassions between June 2007 and October 2007, representatives of defendants Corporate Collection Services ("CCS) and Call Center Resources, Inc. ("CCR") called plaintiff by telephone at his home in Alameda County in the state of California to collect a $249.99 debt plaintiff allegedly owed to Earthlink, Inc. (not a party to this lawsuit).

Plaintiff further alleges he informed defendants during one of his telephone calls with one of their representatives that he disputed the basis of the debt and wanted defendants to stop calling him. Plaintiff alleges defendants continued to call despite his request. Plaintiff claims that on or about September 24, 2007, a representative of defendants, identifying herself as "Tonya," promised plaintiff she could settle the debt in full if plaintiff paid $150.00. Plaintiff agreed and authorized a $150.00 charge on his credit card.

Plaintiff further alleges defendants charged his credit card $160.00, adding a $10.00 service fee. Defendants continued efforts to collect the remaining balance on the debt. When plaintiff protested that he had only paid with the understanding of full settlement, defendants reaffirmed the remaining debt and continued efforts to collect it. Plaintiff's attorney then called defendants to try to get them to honor the original agreement. Defendants refused. Plaintiff's attorney asked defendants if someone with authority to alter defendants' policy could make an exception. Defendants said that their higher-up decision makers would not honor the original agreement, because the collector who made the agreement was not authorized to make it.

Plaintiffs allege the foregoing facts constitute fraud and violate several provisions of the Federal and California Fair Debt Collection Practices Act.

Defendants allege: Defendant CCS admits that plaintiff paid $160.00 to defendant with regard to the Earthlink debt. Defendant admits that $10.00 of this amount was a service charge. Defendant denies all other allegations in the complaint and specifically denies that anyone named Tonya had any communications with plaintiff and that anyone ever represented to plaintiff that the $160.00 payment would be accepted as settlement of the entire debt.

Defendant CCR denies that it played any part whatsoever in the collection efforts against plaintiff and denies that it is a proper party to this lawsuit.

Factual issues:

(a) Whether the $10.00 service charge was disclosed to plaintiff.

JOINT SCHEDULING CONFERENCE STATEMENT

(b) Whether plaintiff agreed to pay the $10.00 service charge.

(c) Whether anyone from CCS or CCR made any misrepresentations or false statements to plaintiff including but not limited to informing plaintiff that the $150.00 payment would settle the entire debt.

(d) Whether CCS or CCR sent the notices required under 15 U.S.C. § 1692g to plaintiff.

(e) Whether plaintiff informed CCS or CCR to stop calling plaintiff, and if so, whether CCS or CCR continued to call plaintiff after being so informed.

(f) Whether CCS acted as an agent for CCR or vice versa with respect to the conduct alleged in the Complaint.

(g) Whether defendants' conduct that plaintiff alleges to be fraudulent was ratified by a "managing agent" of defendants within the meaning of California Civil Code § 3294 and the cases interpreting it.

(h) Whether plaintiff suffered any emotional distress as a result of defendants' actions.

3. **Legal Issues.** Most of the issues in this case appear to be factual issues. At this time no pure legal issues have been identified.

4. **Motions.** There are no pending or prior motions. Defendants anticipate bringing a motion for summary judgment on some or all claims following discovery.

5. **Amendment of Pleadings.** No amendments to the pleadings are currently proposed. The parties request a deadline of June 1, 2008 for any amendments to the pleadings.

6. **Evidence Preservation.** The parties are not aware of any document-destruction program that would affect issues in this case. Defendant has attempted to determine whether any of the telephone calls with plaintiff were recorded and has concluded that they were not.

7. **Disclosures.** The parties have agreed to exchange Rule 26 Disclosures by April 11, 2008.

8. **Discovery.** To date no discovery has been conducted. The parties intend to propound written discovery and following responses notice depositions. The parties do not believe that at this time any discovery orders modifying the Federal Rules are needed or that discovery should be conducted in phases.

9. **Class Actions.** This case is not a class action.

10. **Related Cases.** There are no related cases.

11. **Relief Sought.** Plaintiff seeks statutory, actual and punitive damages. Actual economic damages are $160.00 (though plaintiff has collaterally been reimbursed $150 by Earthlink, Inc.). Plaintiff seeks approximately $3000 in actual damages for emotional distress. Statutory damages are limited to $2,000. Punitive damages according to proof. Plaintiff also seeks recovery of attorney's fees pursuant to 15 U.S.C. § 1692k.

12. **Settlement and ADR.** The parties have agreed to the ADR process – mediation.

13. **Consent To Magistrate Judge for all Purposes**. The parties do <u>not</u> consent to a have the case heard by a magistrate judge for all purposes.

14. **Other References.** The parties do not request reference to arbitration, a special master etc.

15. **Narrowing of Issues.** At this time the parties are not able to narrow the issues of this case. It is anticipated that discovery may narrow the issues and/or allow the parties to narrow the issues.

16. **Expedited Schedule.** The parties do not request an expedited schedule.

17. **Scheduling.** The parties propose the following dates:

Designation of experts – August 22, 2008

Fact and Expert Discovery Cut-off – September 26, 2008.

Last Day To Hear Dispositive Motions – November 10, 2008

Pre-trial Conference – January 5, 2008

Trial – January 19, 2008

**18.    Trial.** Both parties have requested jury trial. The trial estimate is 2-3 trial days not including jury selection.

**19.    Disclosure of Non-party Interested Entities or Persons.** Each party has filed a "Certificate of Interested Entities or Persons" pursuant to Local Rule 3-16. Defendants identify only themselves and Mr. Talbot. Plaintiff identifies only the parties.

**20.    Other Matters.** The parties are not aware of any other matters requiring the Court's attention at this time.

Dated: April 4, 2008              ELLIS, COLEMAN, POIRIER, LAVOIE,
                                  & STEINHEIMER, LLP


                                  By /s/_____
                                     Andrew Steinheimer
                                     Attorneys for Defendants CORPORATE COLLECTION
                                     SERVICE and CALL CENTER RESOURCES


Dated: April 4, 2008              THE LAW OFFICES OF FELIPE R PARKER


                                  By /s/_____
                                     Felipe Parker
                                     Attorneys for Plaintiff GREGORY TALBOT

JOINT SCHEDULING CONFERENCE STATEMENT